UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL BEALS ELLIS,

　　Plaintiff,

　　v.

MARK J. LANGER, *et al.*,

　　Defendants.

Civil Action No. 16-729 (JEB)

**MEMORANDUM OPINION**

On March 19, 2014, Plaintiff Michael Ellis filed a *pro se* action in this courthouse against the Commissioner of the Internal Revenue Service and others, claiming that the IRS falsifies the tax records of citizens who do not file tax returns. See Ellis v. Commissioner, No. 14-471, ECF No. 1.  In a thorough Opinion, Judge Amy Berman Jackson dismissed the case on the grounds that Ellis's claims were barred by the Anti-Injunction Act and his lack of standing.  See 67 F. Supp. 3d 325 (D.D.C. 2014).   After his Rule 59 motion was denied, see ECF No. 33 (Dec. 3, 2014), he appealed, and the case was assigned No. 15-5035.  See Minute Entry of Feb. 11, 2015. The Court of Appeals issued a brief *per curiam* judgment on November 20, 2015, affirming Judge Jackson's decision.  See ECF No. 38.  The mandate issued on March 22, 2016.  See ECF No. 39.

Still unhappy with the outcome of that suit and wasting little time, Plaintiff has filed the instant case, which is nothing more than a challenge to the Court of Appeals' decision.  He specifically states that "[t]his cause is designed to ensure the validity, meaning and import of the 'Order' dismissing Court of Appeals cause 15-5035," although he misleadingly claims it is "not .

1

. . an 'appeal' or attempt to amend it." Compl. at 1. He asserts that he "has standing in *this* case to seek mere review (not amendment, nor reversal) of the putative 'Order' to determine six issues . . . ." Id. at 2. The issues all deal with the validity of the Court of Appeals' judgment. See id. at 2-3.

This Court has an independent obligation to ensure that it does, in fact, have subject-matter jurisdiction to hear Plaintiff's suit. See NetworkIP, LLC v. F.C.C., 548 F.3d 116, 120 (D.C. Cir. 2008) ("It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.") (internal quotation marks and citation omitted). Although this Court might wish to have the power to overturn rulings by the Court of Appeals (particularly those reversing its decisions), that is not the way our judicial system works. If Ellis is displeased by an appellate decision, he must seek rehearing, rehearing *en banc*, or Supreme Court review. This Court has no jurisdiction to offer him any relief.

The Court, accordingly, will an issue an Order dismissing the case without prejudice.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: April 21, 2016